UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION



CLARENCE OTWORTH,

    Plaintiff,

-vs-

ALLAN VANDERPLOEG,
and HARRY KNUDSEN,

    Defendants.
_____/

Case No. 1:01-CV-635

Honorable David W. McKeague
United States District Judge

Honorable Joseph G. Scoville
United States Magistrate Judge

Clarence Otworth
Pro Se Plaintiff
P.O. Box 7035
Clearwater, FL 33758
727/446-3311

Michael B. Ortega (P33423)
REED STOVER P.C.
Attorneys for Defendant Allan VanderPloeg
151 South Rose Street, Suite 800
Kalamazoo, MI 49007
616/381-3600

## PLAINTIFF'S BRIEF IN SUPPORT OF MOTION

## FOR SUMMARY JUDGMENT AGAINST DEFENDANT ALLAN VANDERPLOEG

Defendant Allan VanderPloeg alleges the following affirmative defenses:

**Affirmative Defense 1.**    Plaintiff has failed to state a claim.

**Answer 1.**    Denied. Under Rule 12(b)(6), a complaint may be dismissed only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. See *Lawrence v. Chancery Court of*

3

**SCANNED** 

*Tennessee,* 188 F.3d 687, 691 (6th Cir. 1999); *Lewis v. ABC Bus. Servs., Inc.,* 135 F.3d 389, 405 (6th Cir. 1998). The court must construe the complaint in the light most favorable to plaintiff, accept all factual allegations as true, and determine whether it is established beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *Glassner v. R.J. Reynolds Tobacco Co.,* 223 F.3d 343, 346 (6th Cir. 2000); *Columbia Natural Resources, Inc. v. Tatum,* 58 F.3d 1101, 1109 (6th Cir. 1995). While this standard is decidedly liberal, it requires more than the bare assertion of legal conclusions. See *Advocacy Org. for Patients & Providers v. Auto Club ins. ass'n,* 176 F.3d 315, 319 (6th Cir. 1999), *cert. denied,* 528 U.S. 871 (2000); *Nelson v. Miller,* 170 F.3d 641, 649 (6th Cir. 1999). The court need not accept as true legal conclusions or unwarranted factual inferences. See *Murphy v. Sofamor Danek Group, Inc. (In re Sofamor),* 123 F.3d 394, 400 (6th Cir. 1997); See also *Leisure v. FBI of Columbus, Ohio,* No. 00-3742, 2001 WL 111644, at *1 (6th Cir. Jan. 31, 2000). Further, as plaintiff is proceeding *pro se,* the complaint must be given a liberal reading, and *is* not held to the standard applicable to complaints drafted by trained legal counsel. See *Haines v. Kerner,* 404 U.S. 519, 520-21 (1972).

**Affirmative Defense 2.** Plaintiff's complaint is barred, in whole or in part, by the applicable statute(s) of limitation.

**Answer 2.** Denied. As a consequence of the defendant's fraud the plaintiff was subjected to an illegal summer tax on his property. The plaintiff paid this year's tax on August 02, 2001. See **Exhibit 31,** attached hereto. This suit was commenced on October 3, 2001. Thus, plaintiff's complaint is not barred, in whole or in part, by any statute of limitation.

**Affirmative Defense 3.** Plaintiff's complaint is barred, in whole or in part, because plaintiff lacks standing.

**Answer 3.** Denied. The plaintiff has every right to challenge in court the conduct of the defendant. As a consequence of the defendant's fraudulent incorporation of the Village of Lakewood Club the plaintiff was subjected to an illegal property tax. A tax that he will have to continue to pay until the illegal government of Lakewood Club is prohibited from doing business. And, by reason of the fraudulent incorporation of the Village of Lakewood Club, the defendant caused the plaintiff to be subjected to the unconstitutional ordinances, guidelines, and discrimination of Lakewood Club's Village Council and Site Plan Review Board.

**Affirmative Defense 4.** Plaintiff's complaint is barred, in whole or in part, by equitable principles of laches, estoppel, waiver or acquiescence.

**Answer 4.** Denied. The plaintiff had no idea that the Village of Lakewood Club was fraudulently incorporated or that the defendant was the perpetrator of this fraud until August 2001. The plaintiff sued the defendant for causing him to be subjected to an illegal property tax and causing him to be subjected to unconstitutional ordinances, guidelines, and discrimination. The equitable principles of latches, estoppel, waiver or acquiescence do not apply here. The defendant is an attorney, he knew that Chapter 1, Incorporation, of Act 3 of the Public Acts of 1895, was superseded as to new incorporations by Act 278 of the Public Acts of 1909, when he filed his petitions for the fraudulent incorporation of the Village of Lakewood Club. The defendant also knew that Section 2, of Act 278 of the Public Acts of 1909, required him to have his petition signed by:

5

> "... qualified electors residing within the cities, villages or townships to be affected thereby, to a number not less than one per centum of the population of the territory affected thereby according to the last preceding United States census, *which number shall in no case be less than one hundred, and not less than twenty-five of the signatures to such petition shall be obtained from each city, village or township to be affected by the proposed change. Such petition shall be verified by the oath of one or more such petitioners.*"

The defendant also knew that Section 3, of Act 278 of the Public Acts of 1909 required that:

> "Said petition shall accurately describe the proposed boundaries of the village, or of the territory to be annexed thereto or detached therefrom, *and if the purpose is to incorporate a new village, it shall represent that the territory described contains not less than three hundred inhabitants and an average of not less than three hundred inhabitants per square mile.*"

The defendant also knew that the 537 persons that was allegedly residing in the proposed village of Lakewood Club was actually the entire population of Dalton Township. The defendant also knew that Section 4, of Act 278 of the Public Acts of 1909, required that:

> "... if it shall appear that said petition conforms in all respects to the provisions of this act, and that the statements contained therein are true, *said board of supervisors shall, by resolution, provide that the question of making the proposed incorporation, consolidation or change of boundaries shall be submitted to the qualified electors of the district to be affected at the next general election. if one shall occur in not less than forty days and not more than ninety days after the adoption of such resolution, and if no general election is to occur within such period, said resolution shall fix a date within such period for a special election on such question.*"

The defendant also knew that the board of supervisors had set the 15th day of August 1967 as the time of the first election. And, that the election was not for the purpose of voting on the question of incorporation, nor was it for the purpose of voting for the members of a charter commission, as required by Section 11, of Act 278 of the Public Acts of 1909:

6

> "Sec. 11. At every election on the question of incorporation of a new village, each elector residing within its proposed territorial limits shall also be entitled to vote for five electors, residing in the territory which it is proposed to incorporate, as members of a charter commission, and all notices required by section six of this act shall include notice of the election thereof."

The defendant also knew that the board of supervisors voted 37-0 for incorporation on June 21, 1967, and voted 38–0 for incorporation on June 28, 1967, and that the electors residing within the territory proposed to be incorporated was deprived of their constitutional right to vote on the question of incorporation. The defendant also knew that Act 278 of the Public Acts of 1909 was deliberately misrepresented to the board of supervisors. The defendant also knew that Act 3 of the Public Acts of 1895 was deliberately misrepresented to the board of supervisors. The defendant also knew that 42 U.S.C. § 1983 allows a civil action for the deprivation of rights:

> "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, *subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . .* "

**Affirmative Defense 5.**     Plaintiff's complaint is barred by operation of MCL 61.9   .

    **Answer 5.**     Denied. MCL 61.9 doesn't exist. Chapter1, Incorporation, 61.1–61.15, of Act 3 of the Public Acts of 1895, was superseded as to new incorporations on September 1, 1909, by Act 278 of the Public Acts of 1909. And, by what can be characterized as overkill, MCL 61.2–61.11 was repealed on July 13, 1998, by Act 255 of the Public Acts of 1998.

7

**Affirmative Defense 6.**     Plaintiff's complaint is barred, in whole or in part, because plaintiff has failed to exhaust administrative remedies.

**Answer 6.**     Denied. Fraud is a crime. The administrative remedy is prosecution. The plaintiff wrote a letter to Tony Tague, the prosecuting attorney for Muskegon County, Michigan, and urged him to prosecute everyone that has been involved in this fraud. See **EXHIBIT 17,** attached hereto.

As it is true that each element of a claim must be supported by facts in the complaint, so it is that each element of an affirmative defense must be supported by facts in the answer. However, one searches the answer in vain for any reference to the facts that the defendant relies on. The defendant bears the burden of proving his affirmative defenses by clear and convincing evidence. However, one searches the answer in vain for any reference to the evidence that the defendant relies on. The defendant attempts no analysis, cites no legal authority, and attempts no argument other than to repeat this shibboleth again and again. That is insufficient to defeat the plaintiff's Motion for Summary Judgment.

The defendant admitted in his answer (¶ 8 and ¶ 9) that he was involved, through his representation of former clients, in the establishment of the Village of Lakewood Club. Fraud is a crime. Because it is a crime, the defendant's admission of involvement is a confession of guilt. The Village of Lakewood Club was fraudulently incorporated by the Board of Supervisors of Muskegon County, Michigan, twice. The first time was on June 21, 1967, under Act 278 of the Public Acts of 1909. The second time was on June 28, 1967, under Act 3 of the Public Acts of

8

1895. The Village of Lakewood Club is not a government municipality because compulsory incorporation has been unconstitutional in Michigan for 92 years. Chapter 1, Incorporation, of Act 3 of the Public Acts of 1895, which allowed compulsory incorporation, was superseded as to new incorporations on September 1, 1909, by Act 278 of the Public Acts of 1909.

Section 5, of Act 278 of the Public Acts of 1909, specifically states:

> "Sec. 5. The district to be affected by every such proposed incorporation, consolidation or change of boundaries shall be deemed to include the whole of each city, village or township from which territory is to be taken or to which territory is to be annexed, *except that the question of incorporating a new village shall be determined by a majority of the votes cast at an election at which only the electors residing within the territory proposed to be incorporated shall vote.*"

The qualified electors residing within the proposed Village of Lakewood Club was deprived of their constitutional right to vote for or against incorporation; they were deprived of their constitutional right to vote for or against the members of a charter commission, and they were deprived of their constitutional right to vote for or against the Village Charter.

Summary judgment is appropriate when the record reveals that there are no issues as to any material fact in dispute and the moving party is entitled to judgment as a matter of law. FED. R. Civ. P. 56(c); *Readding v. St. Edward*, 241 F.3d 530, 532 (6th Cir. 2001); *Parker v. Metropolitan Life Ins. Co.*, 121 F.3d 1006, 1009 (6th Cir. 1997) (en banc). The standard for determining whether summary judgment is appropriate is "whether 'the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" See *Adcox v. Teledyne, Inc.*, 21 F.3d 1381, 1385 (6th Cir. 1994)

9

(quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)); see also, *Burnett v. Tyco Corp.*, 203 F.3d 980, 982 (6th Cir. 2000); *Crabbs v. Copperweld Tubing Products Co.*, 114 F.3d 85, 88 (6th Cir. 1997).

## CONCLUSION

The evidence is so one-sided that the plaintiff must prevail as a matter of law.

## RELIEF REQUESTED

WHEREFORE, for the foregoing reasons, the plaintiff respectfully request this Honorable Court to enter an order for summary judgment in favor of plaintiff for the relief requested..

DATED: December 6, 2001

*Clarence Otworth* (signature)
Clarence Otworth
P.O. Box 7035
Clearwater, FL 33758
727/446-3311

UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CLARENCE OTWORTH,

    Plaintiff,

-vs-

ALLAN VANDERPLOEG,
and HARRY KNUDSEN,

    Defendants.
_____/

Case No. 1:01-CV-635

Honorable David W. McKeague
United States District Judge

Honorable Joseph G. Scoville
United States Magistrate Judge

Clarence Otworth
Pro Se Plaintiff
P.O. Box 7035
Clearwater, FL 33758
727/446-3311

Michael B. Ortega (P33423)
REED STOVER P.C.
Attorneys for Defendant Allan VanderPloeg
151 South Rose Street, Suite 800
Kalamazoo, MI 49007
616/381-3600

## AFFIDAVIT OF CLARENCE OTWORTH

State of Florida    )
    ) ss.
County of Pinellas    )

Clarence Otworth, being first duly sworn, deposes and says:

    I am the plaintiff's attorney of record, and have personal knowledge of the facts herein set forth.

11

This affidavit is submitted in support of the plaintiff's motion for summary judgment herein, for the purpose of showing that there is no genuine issue as to any material fact, and that the plaintiff is entitled to judgment as a matter of law.

1. On April 6, 1967, Mr. Allan VanderPloeg, Attorney for Petitioners, allegedly filed 2 sets of petitions addressed to the Board of Supervisors of Muskegon County, Michigan. The petitions were allegedly signed by the requisite number of legal voters and residents of an area described as Sections 5 and 6, of Town 11 North, Range 16 West, of the Township of Dalton, Muskegon County, Michigan, for the purpose of incorporation of said territory as a Village to be known as Lakewood Club. And, a description of the property allegedly appeared in detail on said petitions. It was also alleged that Mr. VanderPloeg filed a notice of intent to apply for incorporation as a village; an affidavit of posting; publisher's affidavit and newspaper copy of publication of the Whitehall Forum and the White Laker, and a pre-incorporation census for the proposed village of Lakewood Club. The census was allegedly taken within 60 days prior to the filing of said petitions and allegedly proved that there was 537 person residing therein. However, the office of the County Clerk, the office of the Secretary of State, the office of the Great Seal of Michigan, the library of Michigan, Western Michigan University, and the Michigan Historic Center does not have these alleged documents. Mr. VanderPloeg's also alleges that his alleged documents are in due and proper form and conform in all respects with the State law concerning proceedings for incorporation as set forth in Act 3 of the Public Acts of 1895. However, the State law concerning proceedings for incorporation is set forth in Act 278 of the Public Acts of 1909; not Act 3 of the Public Acts of 1895. As will be explained, this was not a mistake. This was a deliberate lie. The lie was fabricated to conceal the fraudulent incorporation of the Village of Lakewood Club.

12

2.     On June 21, 1967, the Village of Lakewood Club was fraudulently incorporated by the Board of Supervisors of Muskegon County, Michigan, under Act 278 of the Public Acts of 1909. A week later, on June 28, 1967, the Village of Lakewood Club was fraudulently incorporated by the Board of Supervisors of Muskegon County, Michigan, under Act 3 of the Public Acts of 1895. Both of these alleged incorporations were fraudulent because compulsory incorporation has been unconstitutional in Michigan for 92 years. Chapter I, Incorporation, of Act 3 of the Public Acts of 1895, which allowed compulsory incorporation, was superseded as to new incorporations on September 1, 1909, by Act 278 of the Public Acts of 1909. The Village of Lakewood Club is not a government municipality, it is an unincorporated criminal organization. The elected officials of the Village of Lakewood Club are not public officers, they are criminals. Mr. VanderPloeg knew that compulsory incorporation was unconstitutional when he persuaded the Board of Supervisors to fraudulently incorporate the Village of Lakewood Club. We know this because he lied about obtaining the requisite number of signatures. He lied about obtaining a census. He lied about the number of inhabitants. He lied about the authority of the Board of Supervisors. He lied about the requirement of Act 3 of the Public Acts of 1895. He lied about the requirements of Act 278 of the Public Act of 1909. He lied about the documents that he filed. And he deliberately tried to conceal this fraud by drawing up both Resolutions [**Exhibits 7 and 8,** adopted on June 21, 1967, and **Exhibits 9 and 10,** adopted on June 28, 1967] pursuant to Act 3 of the Public Acts of 1895. He did this because he knew that the fraud would be discovered by the Office of the Secretary of State as soon as they read the Resolution and discovered that the Board of Supervisors had ordered the incorporation of Lakewood Club under Act 278 of the Public Acts of 1909. He knew that it was highly unlikely that the Office of the Secretary of State

13

would know that Chapter I, Incorporation, of Act 3 of the Public Acts of 1895, which allowed compulsory incorporation, was superseded on September 1, 1909, by Act 278 of the Public Act of 1909. He was right, it has taken 34 years for this fraud to be discovered.

Further the affiant says not.

*Clarence Otworth*
Clarence Otworth

Signed and sworn to before me on the ___5th___ day of ___DECEMBER___, 2001

_____
Notary Public

My Commission expires on _____

LYDIA BARUCH
MY COMMISSION # CC 920676
EXPIRES: July 21, 2004
Bonded Thru Notary Public Underwriters

UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

| | |
|---|---|
| CLARENCE OTWORTH, | Case No. 1:01-CV-635 |
| Plaintiff, | |
| | Honorable David W. McKeague |
| -vs- | United States District Judge |
| | |
| ALLAN VANDERPLOEG, | Honorable Joseph G. Scoville |
| and HARRY KNUDSEN, | United States Magistrate Judge |
| Defendants. | |
| _____/ | |

| | |
|---|---|
| Clarence Otworth | Michael B. Ortega (P33423) |
| Pro Se Plaintiff | REED STOVER P.C. |
| P.O. Box 7035 | Attorneys for Defendant Allan VanderPloeg |
| Clearwater, FL 33758 | 151 South Rose Street, Suite 800 |
| 727/446-3311 | Kalamazoo, MI 49007 |
| | 616/381-3600 |

## CERTIFICATE OF SERVICE

I, Clarence Otworth, state that I served the above motion for summary judgment against defendant Allan VanderPloeg, by mailing a copy to Michael B. Ortega, attorney for defendant Allan VanderPloeg, at 151 South Rose Street, Suite 800, Kalamazoo, Michigan 49007-4731, on December 6, 2001.

*[signature]*
Clarence Otworth
P.O. Box 7035
Clearwater, FL 33758
727/446-3311

15

UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

CLARENCE OTWORTH,

    Plaintiff,

-vs-

ALLAN VANDERPLOEG,
and HARRY KNUDSEN,

    Defendants.
_____/

Case No. 1:01-CV-635

Honorable David W. McKeague
United States District Judge

Honorable Joseph G. Scoville
United States Magistrate Judge

Clarence Otworth
Plaintiff In Pro Per
P.O. Box 7035
Clearwater, FL 33758
727/446-3311

Michael B. Ortega (P33423)
REED STOVER P.C.
Attorneys for Defendant Allan VanderPloeg
151 South Rose Street, Suite 800
Kalamazoo, MI 49007
616/381-3600

## REQUEST FOR JUDICIAL NOTICE

Plaintiff Clarence Otworth, pursuant to Rule 201(d) of the Federal Rules of Evidence, respectfully request this Honorable Court to take Judicial Notice:

That each of the following documents is genuine:

1.     Chapter I, Incorporation, of Act 3 of the Public Acts of 1895, attached as **EXHIBIT 1**, is

    a true and accurate copy.

16

2. The Home Rule Village Act (excerpt), Act 278 of 1909, M.C.L. 78.1 Short title; corporate existence of villages to continue; village subject to general laws; seal; suit, [M.S.A. 5.1511], attached as **EXHIBIT 2**, is a true and accurate copy.

3. Section 3, of Act 278 of the Public Acts of 1909, attached as **EXHIBIT 3**, is a true and accurate copy.

4. #51-67. Notice of Intent to apply for incorporation as a village under the name of Lakewood Club, attached as **EXHIBIT 4**, is a true and accurate copy.

5. #51-67 to #52-67. The Minutes of the public meeting that was held by the Board of Supervisors of Muskegon County, Michigan, on April 21, 2001, attached as **EXHIBIT 5**, is a true and accurate copy.

6. #104-67 to #106-67. The minutes of the public meeting that was held by the Board of Supervisors of Muskegon County, Michigan, on June 21, 1967, attached as **EXHIBIT 6**, is a true and accurate copy.

7. The Resolution (Order of Incorporation) adopted by the Board of Supervisors on June 21, 1967, attached as **EXHIBIT 7,** is a true and accurate copy.

8. The certification of Eugene Bergeron, the Muskegon County Clerk, that the Resolution (Order of Incorporation) was adopted by the Board of Supervisors at a meeting held on June 21, 1967, attached as **EXHIBIT 8,** is a true and accurate copy.

9. The Resolution (Order of Incorporation) adopted by the Board of Supervisors on June 28, 2001, attached as **EXHIBIT 9**, is a true and accurate copy.

10. The certification of Eugene Bergeron, the Muskegon County Clerk, that the Resolution (Order of Incorporation) was adopted by the Board of Supervisors at a meeting held on June 28, 1967, attached as **EXHIBIT 10**, is a true and accurate copy.

11. Letter, dated August 2, 1967, to Mr. James M. Hare from Mr. Eugene R. Bergeron, attached as **EXHIBIT 11**, is a true and accurate copy.

12. Letter, dated August 7, 1967, to Mr. Eugene R. Bergeron from Mr. James M. Hare, attached as **EXHIBIT 12**, is a true and accurate copy.

13. Letter, dated August 7, 1967, to Mr. A. C. Sherman from Mr. James M. Hare, attached as **EXHIBIT 13**, is a true and accurate copy.

14. Letter, dated August 25, 1967, to Mr. James M. Hare from Mr. Eugene R. Bergeron, attached as **EXHIBIT 14**, is a true and accurate copy.

15. Letter, dated January 31, 1968, to Mr. Eugene R. Bergeron from Mr. James M. Hare, attached as **EXHIBIT 15**, is a true and accurate copy.

16. Letter, dated February 2, 1968, to Mr. James M. Hare from Mr. Eugene R. Bergeron, with a map and a drawing of the Village of Lakewood Club, attached as **EXHIBIT 16**, is a true and accurate copy.

17. Letter, dated August 30, 2001, to Mr. Tony Tague from Mr. Clarence Otworth, attached as **EXHIBIT 17**, is a true and accurate copy.

18. Article, entitled "Township Area Seeks Incorporation," The White Laker, Wednesday, February 22, 1967, P. 1, attached as **EXHIBIT 18**, is a true and accurate copy.

19. Article, entitled "Lakewood Club Petition Supervisors," The White Laker, Thursday, April 20, 1967, P. 1, attached as **EXHIBIT 19**, is a true and accurate copy.

20. Article, entitled "Notice of Hearing," The Muskegon Chronicle, Tuesday, June 6, 1967, P. 23, attached as **EXHIBIT 20**, is a true and accurate copy.

21. Article, entitled "Hearing June 28 on Lakewood Petition," The White Laker, June 22, 1967, P. 26, attached as **EXHIBIT 21**, is a true and accurate copy.

22. Article, entitled "Lakewood Studies Slate of Officers," The White Laker, Thursday, July 6, 1967, P. 4, attached as **EXHIBIT 22,** is a true and accurate copy.

23. Article, entitled "Registration Open Lakewood Club," The White Laker, Thursday, July 13, 1967, P. 3, attached as **EXHIBIT 23,** is a true and accurate copy.

24. Article, entitled "Lakewood Club Votes for Officers Aug.15," The White Laker, Tuesday, August 10, 1967, P. 1, attached as **EXHIBIT 24,** is a true and accurate copy.

25. Article, entitled "Lakewood Club to Vote Tuesday," The West State Chronicle, Monday, August 14, 1967, P. 24, attached as **EXHIBIT 25,** is a true and accurate copy.

26. Article, entitled "Lakewood Club Elects Council," The West State Chronicle, Wednesday, August 16, 1967, P. 33, attached as **EXHIBIT 26**, is a true and accurate copy.

27. Article, entitled "Lakewood Club Names Officers," The White Laker, Thursday, August 17, 1967, P. 1, attached as **EXHIBIT 27**, is a true and accurate copy.

28. Land Sketch of the plaintiff's property, parcel number 61 07 501 060 00, attached as **EXHIBIT 28**, is a true and accurate copy.

29. Map of the plaintiff's property, Plat No. O F, lots 17 thru 24, inclusive, Block 12, attached as **EXHIBIT 29**, is a true and accurate copy.

30. Map of the plaintiff's property, Lakewood Addition No. One, SW corner of Daniels Street and Russell Road, attached as **EXHIBIT 30**, is a true and accurate copy.

31. Receipt for summer property taxes assessed by the Village of Lakewood Club and paid by the plaintiff on August 2, 2001, attached as **EXHIBIT 31**, is a true and accurate copy.

That each of the following facts is true:

32. The Village of Lakewood Club was incorporated by the Board of Supervisors of Muskegon County, Michigan, under Act 278 of the Public Acts of 1909, on June 21, 1967.

33. The Village of Lakewood Club was incorporated by the Board of Supervisors of Muskegon County, Michigan, under Act 3 of the Public Acts of 1895, on June 28, 1967.

34. Chapter I, Incorporation, of Act 3 of the Public Acts of 1895, was superseded as to new incorporations on September 1, 1909, by Act 278 of the public Acts of 1909.

35. Compulsory incorporation has been unconstitutional in Michigan for 92 years.

36. Fraud is a criminal offense.

That each of the following statements is true.

37. The Board of Supervisors of Muskegon County did not have any authority under Michigan law to order the incorporation of Lakewood Club.

38. The Village of Lakewood Club is not a Government municipality.

39. The elected officials of the Village of Lakewood Club are not public officers.

40. The elected officials of the Village of Lakewood Club are not entitled to qualified immunity.

41. The Village of Lakewood Club has NO JURISDICTION over the plaintiff.

42. The Village of Lakewood Club has NO JURISDICTION over the landowners of Muskegon County.

43. The elected officials of the Village of Lakewood Club can be prosecuted for fraud if they continue buying and selling Dalton Township property.

44. The elected officials of the Village of Lakewood Club can be prosecuted for fraud if they continue assessing and collecting a summer property tax.

45. The elected officials of the Village of Lakewood Club can be prosecuted for fraud if they continue masquerading as a government municipality.

DATED: December 6, 2001.

*Clarence Otworth*
Clarence Otworth
P.O. Box 7035
Clearwater, FL 33758
727/446-3311