UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

* * * * *

CLARENCE OTWORTH,

    Plaintiff,

vs.

ALLAN VANDERPLOEG
and HARRY KNUDSEN,

    Defendants.

DOCKET NO. 1:01CV635

U.S. District Judge David W. McKeague

U.S. District Court Magistrate
Joseph G. Scoville

_____/

Clarence Otworth
Plaintiff, In Pro Per
P.O. Box 7035
Clearwater, FL 33758
(727) 446-3311

Harry J. Knudsen (P16094)
KNUDSEN, WASIURA & ASSOC., P.C.
Attorney for Defendant Knudsen
Suite 301, Fifth Third Bank Building
P.O. Box 976
Muskegon, MI 49443-0976
(231) 722-7755

Michael B. Ortega (P33423)
REED STOVER P.C.
Attorneys for Defendant VanderPloeg
151 South Rose Street, Suite 800
Kalamazoo, MI 49007
(616) 381-3600

* * * * *

## DEFENDANT KNUDSEN'S ANSWER
## TO PLAINTIFF'S MOTION FOR SUMMARY DISPOSITION

Defendant, **HARRY J. KNUDSEN**, answers Plaintiff's Motion for Summary Disposition as follows:

1. He denies that Plaintiff is entitled to a Summary Judgment because there are genuine issues of material fact in the instant case, as stated in his attached affidavit. Plaintiff claims that this Defendant "was a willing participant in the fraudulent incorporation of the Village of Lakewood Club," which this Defendant has denied (paragraph 14 of Plaintiff's Complaint and this Defendant's answer).

2. Plaintiff's own motion demonstrates that there are factual issues since he denied all of Defendant Knudsen's Affirmative Defenses.

3. There is no federal question presented in Plaintiff's Complaint nor are there any facts establishing that this Defendant violated Plaintiff's civil rights in 1967 since Plaintiff did not even own the subject property until 1994. Also, Plaintiff has not alleged any specific civil right this Defendant violated. Defendant Knudsen was not a "public officer" of the County of Muskegon. He was merely employed (retained) as civil counsel to the County pursuant to MCL 49.71 et seq. His status was frequently referred to as County Corporation Counsel.

This Defendant had no power or authority to take any action relating to the incorporation of the Village of Lakewood Club since he was not a public official. The only action taken was by the Muskegon County Board of Supervisors.

4. Plaintiff claims, contrary to this Defendant's denials, that this Defendant "conspired" with others to permit an alleged fraudulent incorporation of the Village of Lakewood Club.

2

5. Plaintiff's claim, even if he prevailed, is less than the $75,000 federal threshold for this action since the Village taxes have been less than $10 per year since 1994 to date. An Affidavit from the Village Treasurer is attached.

6. Plaintiff's own exhibit 6 shows that a committee of the Board of Supervisors of Muskegon County made the requisite findings and moved to incorporate the Village of Lakewood Club (Plaintiff's Exhibit 9).

### Conclusion

Plaintiff is not entitled to a Summary Judgment on his pleadings since there are genuine issues of material fact presented in the instant case.

Respectfully submitted,

KNUDSEN, WASIURA & ASSOC., P.C.

Dated: January 30, 2002

By _____
Harry J. Knudsen (P16094)
Attorney for Defendant Knudsen
Business Address:
Suite 301, Fifth Third Bank Building
P.O. Box 976
Muskegon, MI 49443-0976
Telephone: (231) 722-7755