UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

| | |
|---|---|
| CLARENCE OTWORTH, ) | |
| ) | |
| Plaintiff, ) | Case No. 1:01cv 635 |
| ) | |
| v. ) | Honorable Joseph G. Scoville |
| ) | |
| ALLEN VANDERPLOEG, et al., ) | |
| ) | **OPINION** |
| ) | |
| Defendants. ) | |
| ) | |

This is a civil action brought by a *pro se* plaintiff pursuant to 42 U.S.C. § 1983. Plaintiff named attorneys Allen VanderPloeg and Harry Knudsen as defendants. In 1967 attorney VanderPloeg represented a group of private citizens who petitioned for incorporation of the Village of Lakewood Club within Muskegon County. In 1967, Attorney Knudsen was a private attorney who rendered legal advice and services to the county. Plaintiff filed this lawsuit on October 3, 2001. Plaintiff contends that as a result of defendants' erroneous advice to their respective clients and fraud, the Village of Lakewood Club was not properly incorporated in 1967. Plaintiff complains that he "was subjected to an illegal property tax. A tax that he will have to continue to pay until the illegal government of Lakewood Club is prohibited from doing business." (Complaint, 5). Plaintiff also asserts that, "By reason of the fraudulent incorporation of Lakewood Club, the defendants have caused plaintiff to be subjected to the unconstitutional ordinances and guidelines of Lakewood Club's Village Council and Site Plan Review Board. As a consequence of the defendant's fraud, the

plaintiff has been deprived of his right to build a house on his land for the last six years.  This is equivalent to confiscation and subject under the Fifth Amendment to challenge and annulment."  (Complaint, 5-6).  Plaintiff seeks an award of monetary damages against defendants.

Pursuant to 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure, the parties voluntarily consented to have a United States Magistrate Judge conduct all further proceedings in this case, including entry of final judgment.  (docket #'s 64, 65, 66).  The matter is now before the court on plaintiff's motions for summary judgment (docket #'s 5, 14) and defendants' motions for summary judgment (docket #'s 41, 45).  For the reasons set forth below, defendants' motions for summary judgment will be granted and plaintiff's motions will be denied.

## **Applicable Standard**

Summary judgment is appropriate when the record reveals that there are no issues as to any material fact in dispute and the moving party is entitled to judgment as a matter of law.  FED. R. CIV. P. 56(c); *Hiney Printing Co. v. Brantner*, 243 F.3d 956, 959 (6th Cir. 2001); *Redding v. St. Edward*, 241 F.3d 530, 532 (6th Cir. 2001); *Parker v. Metropolitan Life Ins. Co.*, 121 F.3d 1006, 1009 (6th Cir. 1997) (*en banc*).  The standard for determining whether summary judgment is appropriate is whether "the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986); *see Watkins v. City of Battle Creek*, 273 F.3d 682, 685 (6th Cir. 2001); *Groner v. Golden Gate Gardens Apts.*, 250 F.3d 1039, 1043 (6th Cir. 2001); *Strouss v. Michigan Dep't of Corr.*, 250 F.3d 336, 341 (6th Cir. 2001).  The court must consider all pleadings, depositions, affidavits, and admissions on file, and draw all justifiable inferences in favor

of the party opposing the motion. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Pride v. Bic Corp.*, 218 F.3d 566, 567 (6th Cir. 2000).

When the party without the burden of proof (generally the defendant) seeks summary judgment, that party bears the initial burden of pointing out to the district court an absence of evidence to support the non-moving party's case, but need not support its motion with affidavits or other materials "negating" the opponent's claim. *Moore v. Philip Morris Cos., Inc.*, 8 F.3d 335, 339 (6th Cir. 1993). Once the movant shows that "there is an absence of evidence to support the nonmoving party's case," the non-moving party has the burden of coming forward with evidence raising a triable issue of fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). To sustain this burden, a plaintiff may not rest on the mere allegations of his pleadings. FED. R. CIV. P. 56(e); *Dudley v. Eden*, 260 F.3d 722, 724 (6th Cir. 2001); *Braithwaite v. Timken Co.*, 258 F.3d 488, 493 (6th Cir. 2001); *Campbell v. Grand Trunk W.R.R.*, 238 F.3d 772, 775 (6th Cir. 2001). "A mere scintilla of evidence is insufficient." *March v. Levine*, 249 F.3d 462, 471 (6th Cir. 2001). Rather, a party with the burden of proof opposing a motion for summary judgment has the burden to come forth with requisite proof to support his legal claim, particularly where he has had an opportunity to conduct discovery. *See Cardamone v. Cohen*, 241 F.3d 520, 524 (6th Cir. 2001); *Noble v. Chrysler Motors Corp.*, 32 F.3d 997, 999 (6th Cir. 1994).

**<u>Facts</u>**

The following facts are beyond genuine issue. Attorney Allen VanderPloeg represented certain residents of Muskegon County in 1967 in connection with a petition for the formation of the Village of Lakewood Club. Attorney Knudsen served as attorney for Muskegon

County. In June of 1967, the Muskegon County Board of Supervisors passed a resolution and order of incorporation creating the Village of Lakewood Club. Plaintiff inherited property situated in the Village following his mother's death in 1994.

In 2001, plaintiff was unsuccessful in his efforts to obtain approval for a site plan to construct a home on his property. Plaintiff filed a lawsuit in this court against the Village and individual members of the committee rejecting his proposed site plan.[1] In the year 2001, plaintiff's property was subjected to property tax imposed by the Village of Lakewood Club. On October 3, 2001, plaintiff filed his complaint against defendants VanderPloeg and Knudsen.

## Discussion

### 1.

Plaintiff, a non-client, seeks to hold the defendant attorneys liable under 42 U.S.C. § 1983 for legal advice they rendered to someone else in 1967. The timeliness of civil rights claims under 42 U.S.C. § 1983 is to be measured by the most analogous state statute of limitations. 42 U.S.C. § 1988; *see Wilson v. Garcia*, 471 U.S. 261, 268-69 (1985). The Sixth Circuit has held that the three-year statute of limitations contained in Mich. Comp. Laws § 600.5805(9) is the uniform limitations period to be applied to civil rights claims arising in Michigan. *See Carroll v. Wilkerson*, 782 F.2d 44, 45 (6th Cir. 1986); *see also Bullock v. McGinnis*, No. 00-1591, 2001 WL 180978, at * 2 (6th Cir. Feb. 14, 2001); *Johnson v. Candelas*, No. 99-2451, 2000 WL 1477503, at * 1 (6th Cir. Sept. 26, 2000); *McCune v. Grand Rapids*, 842 F.2d 903, 905 (6th Cir. 1988). Plaintiff's complaint is clearly time barred. These defendants cannot be held liable for actions taken by Village officials

---

[1] *See Otworth v. Village of Lakewood Club, et al.*, 1:01cv 281 (W.D. Mich.).

in taxing plaintiff's property or rejecting plaintiff's proposed site plan thirty-five years after defendants acted.

Furthermore, defendants did not act under color of state law. Section 1983 is not itself a source of any substantive right, but merely provides a remedy for deprivation of rights that are elsewhere conferred by federal law. *Albright v. Oliver*, 510 U.S. 266, 271 (1994). Plaintiff seeks a remedy under section 1983 for deprivation of rights guaranteed to him by the Fourteenth Amendment to the United States Constitution. The Fourteenth Amendment cannot be violated by private individuals or corporations, but only by the state. Consequently, in order to assert a section 1983 claim, a plaintiff must plead and prove that the deprivation was committed by a state employee or other person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Brock v. McWherter*, 94 F.3d 242, 244 (6th Cir. 1996). An attorney does not become a state actor merely by representing a client. *See Whittington v. Milby*, 928 F.2d 188, 193 (6th Cir. 1991). Attorneys fulfill a private function in representing their clients and do not act as agents of the state. *See Polk County v. Dodson*, 454 U.S. 312, 321 (1981); *see also Newsome v. Merz*, No. 00-4307, 2001 WL 1006189, at * 1 (6th Cir. Aug. 21, 2001); *Koukios v. Ganson*, No. 99-4060, 2000 WL 1175499, at * (6th Cir. Aug. 11, 2000) ("A lawyer representing a client is not, by virtue of being an officer of the court, a state actor under color of state law."); *Roderick v. Kreckel*, No. 00-308-P-H, 2001 WL 225016, at * 2 (D. Me. Mar. 8, 2001) ("The status of defendants as lawyers and the fact that the plaintiff's alleged injuries a[rose] out of the defendants' use of the state courts does not and cannot establish that their conduct is chargeable to the state."). A private attorney who renders legal advice to a municipal body does not act under color of state law. *See Goetz v. Windsor Cent. School Dist.*, 593 F. Supp. 526, 528-29 (N.D.N.Y. 1984) (attorney advisory school board did not act under color

of law). Moreover, it is well settled that neither a litigant nor an attorney representing a party acts under color of state law merely by bringing or defending a matter before a state court or administrative body. *See Catz v. Chalker*, 142 F.3d 279, 289 (6th Cir. 1998); *Kelm v. Hyatt*, 44 F.3d 415, 421-22 (6th Cir. 1995); *see also Newsome v. Merz*, No. 00-4307, 2001 WL 1006189, at * 2 (6th Cir. Aug. 21, 2001). Both defendants were merely private attorneys representing a client. Plaintiff's constitutional claims under section 1983 fail for want of a state actor.

Finally, plaintiff has failed to allege any deprivation by either defendant of a federally guaranteed right. Section 1983 provides a cause of action for the "deprivation of any rights, privileges, or immunities secured by the Constitution or laws" of the United States. 42 U.S.C. § 1983; *see Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508-09 (1990). Section 1983 claims cannot be based on alleged violations of state law or upon actions of state officers that allegedly exceed their state-law authority. *See California v. LaRue*, 409 U.S. 109, 110 n.1 (1972); *Pyles v. Raisor*, 60 F.3d 1211, 1215 (6th Cir. 1995); *Balsa U.S.A., Inc. v. Austin*, 60 F. Supp. 2d 723, 729 (W.D. Mich. 1999). Plaintiff in the present case argues that the incorporation of the village was invalid under Michigan law, but he has not presented any colorable allegation of the deprivation of a federally guaranteed right. Indeed, it would be hard to imagine how incorporation of a village in 1967 could possibly contravene the federal rights of a person who did not obtain title to land inside the village until 1994. Plaintiff's assertion of a section 1983 claim in these circumstances is frivolous.

## **Conclusion**

For the reasons set forth above, defendants' motions for summary judgment (docket #'s 41, 45) will be granted and plaintiff's motions for summary judgment (docket #'s 5, 14) will be denied.


Dated: August 8, 2002          /s/ Joseph G. Scoville
                                           United States Magistrate Judge